**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **OSCAR OCHOA, III** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **HARRIS COUNTY SHERIFF DEPUTIES** | § | |
| **AND/OR DETENTION OFFICERS** | § | |
| **R. MARRON, DIMITRI JOHNSON,** | § | |
| **GOMEZ, BREZIK, and HARRIS COUNTY** | § | |
| **SHERIFF'S DEPARTMENT** | § | |
| **Defendants.** | § | **JURY TRIAL DEMANDED** |

**<u>PLAINTIFF'S ORIGINAL COMPLAINT</u>**

**NOW COMES, OSCAR OCHOA, III** Plaintiff, complaining of Defendants, the **HARRIS COUNTY SHERIFF DEPUTIES AND/OR DETENTION OFFICER R. MARRON, DIMITRI JOHNSON, GOMEZ, and BREZIK, and HARRIS COUNTY SHERIFF'S DEPARTMENT (HCSD)**, and for cause would show the Honorable Court as follows:

**I.**
**PARTIES AND SERVICE**

1.      Plaintiff Oscar Ochoa, III, # 02786115, is an individual currently spending time in the Harris County Jail, in Harris County, Texas. Plaintiff has not been convicted of any crime, and he is awaiting trial. He is appearing in this case by and through the undersigned counsel.

2.      Defendant, R. Marron an individual employed by the Harris County Sheriff's Department as a jailor may be served with this lawsuit at the Harris County Sheriff's Department, Office of the Harris County Attorney, Christian Menefee, County Attorney, 1019 Congress, 15th Floor, Houston, Texas 77002.

3.      Defendant, Dimitre Johnson, an individual employed by the Harris County Sheriff's Department as a jailer may be served with this lawsuit at the Harris County Sheriff's Department, at 1200 Baker St., Houston, Texas 77002.

4.      Defendant, Gomez, an individual employed by the Harris County Sheriff's Department as Detention Officer and may be served with this lawsuit at the Harris County Sheriff's Department, at 1200 Baker St., Houston, Texas 77002.

5.      Defendant, Brezik, an individual employed by the Harris County Sheriff's Department as Detention Officer and may be served with this lawsuit at the Harris County Sheriff's Department, at 1200 Baker St., Houston, Texas 77002.

6.      Defendant, Harris County Sheriff's Department an agency of the County of Harris and may be served with this lawsuit at the Harris County Sheriff's Department, at 1200 Baker St., Houston, Texas 77002.

## II.
## JURISDICTION AND VENUE

7.      The subject matter in controversy is within the jurisdictional limits of this Court. This court has jurisdiction over the parties because Defendants are residents of Texas.

8.      Venue of this case is proper in Harris County, Texas is proper because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in Harris County.

## III.
## FACTS

9.      This is an action brought by the Plaintiff, Oscar Ochoa against Defendants, R. Marron, Dimitre Johnson and the Unnamed Deputies of Harris County Sheriff's Department and Harris County Sheriff's Department for the use of excessive and deadly force resulting in serious bodily injuries upon Plaintiff under the color of law in violation of his individual rights under the

Fourth Amendment of the United States Constitution and in violation of his civil rights pursuant to 42 U.S.C. §1983.

10.    On Friday, March 7, 2022, Plaintiff's father visited Plaintiff in the Unit of the Harris County Jail, where Plaintiff was housed.

11.    As Plaintiff walked back to his cell from visitation Harris County Detention Officer R. Marron stopped him, pushed him against the wall, and claimed that Plaintiff's shoes were contraband.

12.    Plaintiff stated that he had those Nike AirMax shoes since he first came into the Harris County Jail system.

13.    Plaintiff told Defendant Marron that he also knew of other inmates who had shoes similar to his, and no one else had any problems with their shoes.

14.    Defendant R. Marron then dragged Plaintiff into a small zone where there were no video cameras and beat Plaintiff.

15.    Defendant R. Marron took Plaintiff's shoes saying they were taken as contraband.

16.    Defendant, Dimitre Johnson and several other officers watched Officer Marron beat Plaintiff.

17.    Plaintiff's shoes were taken from him and placed in the large trash can in a corner, despite Plaintiff being told that his shoes would be placed in his property.

18.    Plaintiff suffered injuries as a result of the beating by Defendant Marron.

19.    Defendant Marron stated to Plaintiff that, "If (Plaintiff) wants me (Marron), you can find me in Greenspoint."

20.    Plaintiff's hands were cuffed behind his back, and he was taken to medical on

the 1st floor of the facility and then sent to Ben Taub Hospital.

21.    Plaintiff received a CT Scan, Ibuprofen and ear drops for his pain.

22.    Plaintiff suffered the following injuries:

-    cuts and bruises
-    swelling and damage to his left eye
-    busted lip
-    nose bleed
-    swelling in his left ear

23.    Plaintiff's hearing has not been the same since he was beaten for no reason. He is constantly hearing ringing and discharge leaks out of his ear.

24.    Plaintiff's tennis shoes disappeared forever.

25.    Instead of employing any de-escalation attempts, instead of simply allowing him to go to his cell, Harris County Detention Officers jumped on Plaintiff and beat him severely and stole his shoes.

26.    After going to the hospital, Plaintiff was returned to the Harris County Jail and was moved to another floor.

27.    Plaintiff was told by another detention officer that his tennis shoes would be stored in Plaintiff's property bag.

28.    Plaintiff told them that he did not receive a copy of the property slip for his shoes when they were taken from him by Defendant R. Marrow.

29.    Beating of inmates seems to be a common tactic of the detention officers in the Harris County Jail. In two previous incidents, Inmate Picasso Jones (a black man) was beaten earlier on the same night as Plaintiff. Another inmate was beaten in the days before Plaintiff's beating.

**IV.**
**CAUSES OF ACTION**
**Excessive Force By Defendants (Individually and in his official capacity)**
**COUNT l**
**42U.S.C. § 1983**

30.     Plaintiff incorporates by reference paragraphs 9 through 29 as if fully set forth herein. Plaintiff would show that Defendant Marron and all the other Defendant's actions on the occasion in question were wrongful, malicious, and reckless in depriving Plaintiff of his constitutional rights, as alleged more fully below.

31.     Plaintiff would show that at all times material hereto, each of the Defendants had a duty to avoid the infliction of unjustified bodily injury to Plaintiff Oscar Ochoa; to protect his bodily integrity; and to not trample on his constitutional rights.

32.     Plaintiff would show that the Defendants failed to act as a reasonable officer would have acted in the same or similar circumstances. That is, Defendant Marron, without justification and the need to do so, used excessive force as described above to maim, disfigure and permanently disable Plaintiff Oscar Ochoa without legal justification. Plaintiff Ochoa never made any threatening gestures toward Defendant Marron and did not pose an immediate threat to the safety of Defendant Marron nor others.

33.     Defendant Marron was not provoked when he attacked Plaintiff for no lawful or justifiable reason. The excessive force used by Defendants was not reasonable, justified nor was it necessary under the circumstances.

34.     Defendant Marron' s actions were not objectively reasonable because they followed a procedure designed to inflict excessive force in restraining individuals in a non-life-threatening situation.

35.     Plaintiff would show that Defendant Marron denied Plaintiff Oscar Ochoa his right to be free from the use of excessive force in violation of the Fourth Amendment to the United States Constitution.

36.     The force used by Defendant Marron was unnecessary, excessive, and unreasonable under the circumstances, as Plaintiff Oscar Ochoa did not pose an immediate threat to the safety of Defendant Marron or others and the use of such excessive force was unnecessary.

37.     Defendant Marron embarked on a willful, malicious, reckless, and outrageous course of conduct that was intended to cause and, in fact, caused Plaintiff Oscar Ochoa to suffer extreme and severe physical, mental, and emotional distress, agony, and anxiety.

38.     Plaintiff would show that Defendant Dimitre Johnson is liable because he failed to protect and defend Plaintiff when he witnessed Defendant Marron assault Plaintiff.

39.     Plaintiff would show that multiple unidentified and unnamed detention officers witnessed the abuse and did nothing.

40.     The Harris County Sheriff's Department is libel because it has established policies and practices which allow officers to demean, harass, beat inmates without any regard nor worry.

41.     As a result of these Constitutional violations to Plaintiff Oscar Ochoa and the injuries he sustained, Plaintiff, seeks compensation as set forth more specifically in the section of this Complaint entitled "Damages."

**Failure to Train and/or Implement and/or Supervise Proper Policies and Procedures
By the Harris County Sheriff's Department
Count II
42 U.S.C. § 1983**

42.     Plaintiff incorporates regarding paragraphs 9 through 29 as if fully set forth herein. Prior to March 7, 2022, Harris County Sheriff's Department knew or should have known that Defendant Marron exhibited a pattern of escalating encounters with the public.

43.     Plaintiff would show that the Harris County Sheriff's Department's response was to require all officers to take courses or a similar type of training to de-escalate a hostile situation. This particular training helps officers handle mental health crises, de-escalation techniques and how best to interact with someone in a state of aggression.

44.     Defendant Marron and other correctional officers at the scene of the incident were acting under color of law and acting pursuant to customs, practices and policies of the Harris County Sheriff Department in regard to the use of excessive force as authorized and/or ratified by the Policymakers, specifically the Harris County Sheriff's Department.

45.     Plaintiff Oscar Ochoa was deprived of rights and privileges secured to him by the United States Constitution and by other laws of the United States, by the Harris County Sheriff's Department failing to provide proper training, adequate supervision or discipline when dealing with individuals such as Oscar Ochoa in violation of 42 U.S.C. §1983 and related provisions of federal law and in violation of the above cited constitutional provisions.

46.     With respect to the claims made the basis of this lawsuit, the Harris County Sheriff's Department failed to adequately train its correctional officers on how to deal with individuals in crisis, de-escalation, and/or the use of excessive force. The failure to train its

correctional officers in a relevant respect reflects a deliberate indifference to the Harris County Sheriff's Department to the rights of the County Jail's inhabitants and is actionable under 42 U.S.C. § 1983.

47.     With respect to the claims made the basis of this lawsuit, the Harris County Sheriff's Department failed to provide adequate implementation policies and supervision its correctional officers on how to deal with individuals in crisis, de-escalation and/or the use of excessive force. The failure to train its correctional officers in a relevant respect reflects a deliberate indifference to the Harris County Sheriff's Department to the rights of the County Jail's inhabitants and is actionable under 42 U.S.C. § 1983.

48.     The Harris County Sheriff's Department's failure to adequately supervise their correctional officers in the implementation of an adequate policy for its officers on how to deal with individuals and the subsequent use of excessive force reflects deliberate indifference by the Policymakers and reckless and conscious disregard for the obvious risk that correctional officers would use excessive force on inmates and made the violations of Plaintiff Oscar Ochoa's constitutional rights.

49.     Plaintiff would show that Defendants' actions were the result of, or within the scope of, wrongful and reckless customs, culture, policies, practices and/or procedures for which the Harris County Sheriff's Department knew or should have known but never provided the requisite and proper training.

50.     On information and belief, Defendants Marron, Johnson, the Unnamed Defendants, and the Harris County Sheriff's Department, acting through official policies, practices, and customs, and with deliberate, callous, and conscious indifference to the constitutional rights of

Ochoa failed to implement and/or enforce the policies, procedures; and practices necessary to provide constitutionally adequate protection and assistance to Ochoa during the incident and implemented policies, procedures, and practices which actually interfered with or prevented with or prevented Ochoa from receiving the protection, assistance and care he deserved.

51.     For instance, the following conduct, policies, and customs, inter alia, by Defendants violated Ochoa' constitutional rights:

a.      the Harris County Sheriff's Department's failure to adequately train, supervise or discipline its correctional officers who commit a wrongful act or attempt to cover-up a wrongful act of a fellow officer;

b.      Defendants' policy on the proper use of excessive force;

c.      Defendants' inadequate training on how to deal with or interact with inmates;

d.      Using excessive force against Plaintiff Oscar Ochoa while he was unarmed;

e.      Using excessive force against Plaintiff Oscar Ochoa although he posed no immediate threat;

52.     In addition, Defendant Harris County Sheriff's Department, as applicable, failed and refused to implement customs, policies, practices or procedures, and failed to train its personnel adequately on the appropriate policies, practices or procedures regarding the proper use of excessive force. In so doing, Defendant Marron knew that it was acting against the clear dictates of current law and knew that as a direct consequence of their deliberate decisions, the very situation that occurred.

53.     The Harris County Sheriff's Department's failure to properly train and discipline its deputies was the proximate cause of the violations of Ochoa's constitutional

rights.

## Unlawful Seizure of a Person
## COUNT III

54.     Plaintiff incorporates by reference paragraphs 9 through 29 as if fully set forth herein.

55.     Harris County Sheriff's Department's Correctional Officers, acting under color of law, unlawfully detained without probable cause, or reasonable suspicion that any violation or crime had been committed. Those actions violate Plaintiff Ochoa's rights to due process, to equal protection, and give rise to plaintiffs claims pursuant to the Fourth Amendment to the Constitution of the United States and 42. U.S.C. § 1983, and their counterparts in the Texas Constitution.

56.     The Harris County Sheriff's Department and Marron violated Ochoa's constitutional rights. Those rights-to due process, equal protection, and not to be detained without probable cause or reasonable suspicion, among others-were clearly established at the time he was wrongfully detained. Ochoa was pushed out of the site of the security cameras and placed in handcuffs during the beating, despite not committing a penal offense or being suspected of committing a crime.

57.     Plaintiff Ochoa did not pose an immediate threat to the safety of the defendants or others. He was not actively resisting being restrained and beaten.  Correctional officers' conduct was objectively unreasonable, resulted from a lack of training, and did not comport with The Harris County Sheriff's Department's policies.

58.     As a result, Plaintiff Ochoa suffered an injury that resulted directly from his wrongful seizure and assault which was objectively unreasonable and violation of clearly

established law.

59.     The specific acts of the Correctional officers were objectively unreasonable and more particularly set forth below:

The Correctional officers failed to use an objectively reasonable assessment of the facts when they chose to stop, restrain, and beat Plaintiff Ochoa, where there was no probable cause or reasonable suspicion that a crime had been committed or was about to be committed.

60.     The Correctional officers' conduct was well defined by law and they knew or should have known that the conduct was below the standard prescribed by law herein.

61.     As a result of the violations of the Constitutional standards set forth herein, Plaintiff Ochoa was treated inhumanely and incurred extreme pain and injury when he was wrongfully detained for which he seeks compensation as set forth more specifically in the section of this Complaint entitled "Damages."

## Failure to Adequately Supervise or Discipline and Ratification
## COUNT IV

62.     Plaintiff incorporates by reference paragraphs 1 through 29 as if fully set.

63.     On Plaintiffs governmental liability claim against the Harris County Sheriff's Department for failing to supervise and/or discipline its correction and detention officers for their violations and the resulting of supervision in the following manners:

a.      the Harris County Sheriff's Department failed to adequately supervise and/or discipline its employees in handling usual and recurring situations in which they dealt;

b.      the Harris County Sheriff's Department was deliberately indifferent to the need to supervise and/or discipline its correctional officers and/or employees adequately; and

c.      the failure to adequately supervise and/or discipline its correctional officers proximately caused the deprivation of Plaintiff Oscar Ochoa's constitutional rights.

64.    As a direct and proximate result of the Harris County Sheriff's Department's failure to adequately supervise or discipline its correctional officers, Plaintiff has suffered damages.

65.Plaintiff incorporates by reference paragraphs 1 through 28 as if fully set forth herein. Additionally, and in the alternative, the conduct of Defendant Marron was done with malice. As such, Plaintiff requests punitive and exemplary damages to deter this type of conduct in the future. In the alternative, such heedless and reckless disregard of Ochoa's rights, safety, and welfare are more than momentary thoughtlessness, inadvertence, or misjudgment. Such unconscionable conduct goes beyond ordinary negligence, and as such Plaintiff requests punitive and exemplary damages are awarded against Defendant Marron in a sum that is within the jurisdictional limits of this court.

## V.
## DAMAGES ALL DEFENDANTS

66.    Plaintiff incorporates by reference paragraphs 1 through 28 as if fully set forth herein. Defendants' acts and/or omissions were a proximate cause of the following Injuries suffered by Plaintiff and decedent:

67.      As a direct and proximate result of the Harris County Sheriff's Department's failure to adequately supervise or discipline its correctional officers, Plaintiff has suffered damages.

68.      Plaintiff incorporates by reference paragraphs 1 through 29 as if fully set forth herein. Additionally, and in the alternative, the conduct of Defendant Marron was done with malice. As such, Plaintiff requests punitive and exemplary damages to deter this type of conduct in the future. In the alternative, such heedless and reckless disregard of Ochoa's

rights, safety, and welfare are more than momentary thoughtlessness, inadvertence, or misjudgment. Such unconscionable conduct goes beyond ordinary negligence, and as such Plaintiff requests punitive and exemplary damages be awarded against the Defendants in a sum that is within the jurisdictional limits of this court.

## V.
## DAMAGES ALL DEFENDANTS

69.     Plaintiff incorporates by reference paragraphs 1 through 28 as if fully set forth herein. Defendants' acts and/or omissions were a proximate cause of the following Injuries suffered by Plaintiff and decedent:

a.      Actual damages;

b.      Loss of affection, consortium, comfort, financial assistance, protection, affection, and care;

c.      Pain and suffering and mental anguish suffered by Ochoa;

d.      Mental anguish and emotional distress suffered by Plaintiff;

e.      Loss of quality of life;

f.      Loss of service;

h.      Loss of future earnings and contributions to Plaintiff;

1.      Exemplary and punitive damages as well as costs of court;

J.      Pursuant to 42 U.S.C. §1988, and other applicable laws, Plaintiff should be awarded reasonable attorney's fees for the preparation and trial of this cause of action, and for its appeal, if required;

k.      Prejudgment interest; and

l.      Post judgment interest.

70.     Plaintiff seeks unliquidated damages in an amount that is within the jurisdictional limits of the court.

## VI.
## COSTS AND ATTORNEY FEES

71. Plaintiff incorporates by reference paragraphs 1 through 29 as if fully set forth herein. Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. § 1988(b). As such, Plaintiff requests the Court to award costs and attorney fees incurred in Plaintiffs prosecution of this litigation.

## VII.
## JOINT AND SEVERAL LIABILITY

72.     Plaintiff incorporates by reference paragraphs 1 through 28 as if fully set forth herein. Plaintiff would show that the Defendants were jointly and severally liable for the gross negligence, which was the proximate cause of Plaintiffs injuries.

## VIII.
## CONDITIONS PRECEDENT

73.     Plaintiff reserves his rights to plead and prove the damages to which they are entitled to at the time of trial. All conditions to Plaintiffs recovery have been performed or have occurred.

## VX.
## TRIAL BY JURY

74.     Plaintiff has paid a jury fee and demands trial by jury.

## X.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to

appear and answer herein; that upon final trial hereof Plaintiff has and recovers judgment from Defendants; actual damages, exemplary damages, pre-judgment interest at the legal rate; interest on said judgment at the legal rate; costs of court; and such other and further relief, both general and special, at law and in equity, to which Plaintiff is justly entitled.

Respectfully submitted,

Tanika J. Solomon
Texas Bar No. 24057713
Email:  attorney@tjsololaw.com
2120 Welch Street
Houston, Texas 77019
Tel. (713) 640-5956
Fax. (713) 640-5944
Attorney for Oscar Ochoa