United States District Court
Southern District of Texas
**ENTERED**
September 10, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| OSCAR OCHOA, III, <br> (TDCJ # 2450859; SPN # 02876115), <br><br> *Plaintiff*, <br><br> vs. <br><br> HARRIS COUNTY SHERIFF <br> DEPUTIES, *et al.*, <br><br> *Defendants*. | § § § § § § § § § § § § § CIVIL ACTION NO. H-23-3355 |

### ORDER ON MARRON'S MOTION TO DISMISS AND OCHOA'S MOTION FOR LEAVE TO AMEND AND MOTION FOR EXTENSION OF TIME TO SERVE THE REMAINING DEFENDANTS

Plaintiff Oscar Ochoa III sued Harris County and Harris County Jail Detention Officers R. Marron, Dimitre Johnson, "Gomez,"[1] and "Brezik" under 42 U.S.C. § 1983, alleging that they violated his constitutional rights while he was a pretrial detainee at the Jail. (Dkt. 9). The Court dismissed Ochoa's claims against the County and Johnson with prejudice, denied his motion to file an amended complaint as to those defendants, and granted Ochoa additional time to serve the three remaining defendants. (Dkt. 23). Ochoa served Ricardo Marron, (Dkt. 24), and

---

[1] Since filing his initial complaint, Ochoa has learned that the correct last name for this defendant is "Gamez" rather than "Gomez." (Dkt. 28). The Court will refer to this defendant as "Gamez" throughout this Order.

1/ 14

Marron responded with a motion to dismiss. (Dkt. 25). In response, Ochoa sought leave to file a second amended complaint against Marron, Samuel Gamez, and Brandon Brezik. (Dkt. 28). In addition, Ochoa requested an additional extension of time to serve Gamez and Brezik. (*Id.*). Marron filed a reply, objecting to Ochoa's requests. (Dkt. 29). Having reviewed the motions, the responses and reply, the record, and the law, the Court grants Ochoa leave to file a second amended complaint, accepts his proposed second amended complaint as filed, denies Marron's motion to dismiss as moot, and denies Ochoa's request for additional time in which to serve Gamez and Brezik. The reasons for these rulings are explained below.

I. **BACKGROUND**

In his first amended complaint, Ochoa alleged that on March 7, 2022, he was being held at the Harris County Jail awaiting trial.[2] (Dkt. 9, p. 1). As Ochoa was walking down a hall to return to his cell after visiting with his father, Marron stopped him, pushed him against the wall, and told him that his Nike AirMax shoes were contraband. (*Id.* at 3). Ochoa responded that he had had the shoes since he arrived

---

[2]Publicly available records show that Ochoa has since been convicted on a charge of murder. *See* Search Our Records, www.hcdistrictclerk.com (visited Sept. 9, 2024). He is serving a 25-year sentence in the Texas Department of Criminal Justice—Correctional Institutions Division. *See* Inmate Search, https://inmate.tdcj.texas.gov (visited Sept. 9, 2024).

in jail, that no one had ever told him he could not wear them, and that he knew of other inmates who wore the same shoes with no problems. (*Id.*). According to Ochoa, Marron "dragged [him] into a small zone where there were no video cameras and beat and physically assaulted [him], with the force of a trained fighter." (*Id.*). Marron then confiscated Ochoa's shoes and threw them in the trash. (*Id.*). Ochoa alleged that Johnson and "several other officers" watched as Marron assaulted him. (*Id.*). After the assault, Ochoa was taken to the medical clinic, where he was assessed and then sent to Ben Taub Hospital for treatment. (*Id.* at 3-4). Ochoa alleged that he suffered injuries to his left eye, left ear, nose, and lip. (*Id.* at 4). He alleged that Marron is liable as the perpetrator of the excessive force and that Johnson and the other individual defendants were liable as bystanders for failing to do anything to stop the assault. (*Id.* at 6). Ochoa also alleged multiple claims against the County. (*Id.*). He sought compensatory and punitive damages from all the defendants, as well as an award of attorney's fees and costs. (*Id.* at 12-14).

Ochoa initially served only the County and Johnson. (Dkt. 11). Each responded with a motion to dismiss. (Dkts. 14, 15). The Court granted the County's motion to dismiss because Ochoa's allegations did not state claims against the County upon which relief could be granted. (Dkt. 23). The Court also granted Johnson's motion to dismiss, finding that Ochoa's allegations were legally insufficient to state a claim for bystander liability. (*Id.*). At Ochoa's request, the

3/ 14

Court granted him an additional thirty days in which to serve Marron, Gamez, and Brezik. (*Id.*).

Ochoa served Marron within the thirty-day extension period. (Dkt. 24). Marron responded to the complaint with a motion to dismiss, in which he asserts that Ochoa's first amended complaint fails to state a claim against him because it alleges an excessive force claim under the Fourth Amendment to the United States Constitution rather than the Fourteenth Amendment. (Dkt. 25). Marron contended that the same deficiency would bar Ochoa's claims against Gamez and Brezik, and he requested that the first amended complaint be dismissed with prejudice in its entirety. (*Id.*).

Ochoa responded to the motion to dismiss by seeking leave to file a second amended complaint. (Dkt. 28). His proposed second amended complaint would correct the names of the three remaining defendants. (Dkt. 28-3, p. 1). It would also change all Fourth Amendment references to the Fourteenth Amendment. (Dkt. 28, p. 2). The only new factual allegations are that Gamez hit Ochoa during the alleged assault and that Marron filed an allegedly false disciplinary case against Ochoa as a result of the incident. (Dkt. 28-3, pp. 4, 6). Otherwise, the allegations concerning the incident and its aftermath remain as originally pleaded. Ochoa contends that the proposed second amended complaint is sufficient to allege claims against the remaining defendants, and he asks that Marron's motion to dismiss be denied.

In addition to seeking leave to file the second amended complaint, Ochoa also seeks additional time to serve Gamez and Brezik. (Dkt. 28, pp. 4-5). Ochoa explains that he could not initially serve Gamez or Brezik because he had only their last names. (*Id.* at 4). He requested a copy of the Harris County Jail incident report in February 2024, and he admits that he received the incident report, which included the officers' full names, in May 2024. (*Id.*). He acknowledges that on June 4 the Court granted him an additional thirty days in which to serve these defendants. (*Id.*). But he attaches documents from his process server showing that she attempted to serve Brezik only twice—once on May 2, 2024, and again on July 2, 2024. (Dkt. 28-2). Ochoa provides no documents detailing any attempts to serve Gamez. He does not explain what efforts he undertook to obtain service on either Gamez or Brezik during the thirty-day extension granted previously by the Court, nor does he explain why he waited more than a month after that initial extension expired to seek a further extension of time. (Dkt. 28, pp. 4-5).

Marron replied to Ochoa's motions, contending that the first amended complaint fails to state a claim against him and that the Court should deny Ochoa's motion to file a second amended complaint "at this late stage" for the same reasons that it denied leave to file amended complaints against the County and Johnson. (Dkt. 29, p. 2). Marron also asks that the Court deny Ochoa's request for additional time to serve Gamez and Brezik. (*Id.*).

## II. DISCUSSION

### A. The Motion to Dismiss and Motion for Leave to File a Second Amended Complaint

Marron has moved to dismiss Ochoa's first amended complaint. (Dkt. 25). In response, Ochoa seeks leave to file a second amended complaint to correct the alleged deficiencies. (Dkt. 28).

The gravamen of Marron's motion to dismiss is that Ochoa has cited the incorrect constitutional provision as the basis for his excessive force claim. Ochoa's first amended complaint alleges that the defendants violated his Fourth Amendment rights by using excessive force against him. But the Fourth Amendment does not provide a constitutional basis for an excessive force claim by a pretrial detainee like Ochoa who, well after arrest, is being held in custody while awaiting trial. *See Brooks v. George County, Miss.*, 84 F.3d 157, 167 (5th Cir. 1996) ("The Fourth Amendment is inapplicable to a pretrial detainee who was properly arrested and is awaiting trial."); *Valencia v. Wiggins*, 981 F.2d 1440, 1444 (5th Cir. 1993) (same). Instead, such claims are considered under the Fourteenth Amendment's Due Process Clause. *Valencia*, 981 F.2d at 1444 (citing *Bell v. Wolfish*, 441 U.S. 520, 537-39 (1979)). Recognizing this, Ochoa seeks leave to amend to correct the constitutional provision under which he proceeds. He does not add claims, nor does he propose to change the nature of the claims themselves.

Rule 15 of the Federal Rules of Civil Procedure provides that courts should "grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones v. Robinson Prop. Grp., LP*, 427 F.3d 987, 994 (5th Cir. 2005)). This bias in favor of allowing amendment is particularly strong when "the underlying facts or circumstances . . . may be a proper subject for relief." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *cf. McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561-62 (5th Cir. 1998) (per curiam) (denial of leave to amend is proper only if no relief can be granted under any set of facts that could be proven consistent with the plaintiff's allegations). Therefore, if the plaintiff's factual allegations could state a claim for relief, leave to amend should usually be granted absent evidence of (1) undue delay; (2) bad faith or a dilatory motive; (3) repeated failures to cure deficiencies in previous amendments; (4) undue prejudice to the opposing party; or (5) futility. *See Foman*, 371 U.S. at 182; *see also Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).

Ochoa's second amended complaint seeks to change the basis for the constitutional violation from a Fourth Amendment violation to a Fourteenth Amendment violation. Both amendments protect against the use of excessive force, albeit in different contexts. The language in Ochoa's first amended complaint was sufficient to provide Marron with adequate notice of the excessive force claim

against him. Allowing Ochoa to amend his complaint to substitute the proper constitutional provision does not change the factual basis for his claim against Marron, nor does it change the broad legal principles that pertain to that claim. Marron does not identify any bad faith on Ochoa's part in seeking the amendment, and there have not been repeated failures to cure the deficiencies. These factors weigh in favor of permitting the amendment. *See Olvera v. Alderete*, No. 4:10-cv-2127, 2010 WL 4962964 (S.D. Tex. Dec. 1, 2010) (granting leave to amend to allow the plaintiff to clearly identify the federal constitutional provision that he believes was violated by the alleged unlawful search and seizure).

In opposition to Ochoa's motion, Marron argues that leave to amend should be denied "at this late stage" of the proceedings. But Marron was served with the first amended complaint less than three months ago, and the parties have not yet begun discovery. No scheduling order has been issued, and the pleadings are not yet closed. The proposed second amended complaint does not alter the facts or the nature of Ochoa's claim against Marron, and the amendment is specifically intended to address the issue raised in the motion to dismiss. The proceedings are not in a "late stage," and there is no "undue delay" weighing against granting leave to amend.

Marron also contends that granting leave to amend would be futile because the same reasoning that supported the dismissal of the claims against Johnson would support dismissal of the claims against Marron. The Court disagrees. Ochoa's claim

against Johnson was based on bystander liability, and the Court found that Ochoa did not allege sufficient facts to support such a claim. (Dkt. 23). Ochoa's claim against Marron is based on Marron's affirmative actions as the alleged actual perpetrator of the excessive force—not as a bystander. Because the nature of claims differs, the necessary factual allegations to support those claims differ.

When determining whether a proposed amendment is futile, courts apply the standard used by Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See J.R. Stripling v. Jordan Production Co.*, 234 F.3d 863, 872-73 (5th Cir. 2000). The Court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up). Having reviewed the allegations of Ochoa's proposed second amended complaint, the Court cannot say at this juncture that it fails to state a valid excessive force claim against Marron. Because it does not appear that leave to amend would be futile based on the pleadings before the Court, this factor does not support denying Ochoa leave to amend.

Because none of the *Foman* factors weigh against granting leave to amend, the Court concludes that Ochoa's motion for leave to amend should be granted. However, the Court recognizes that the first amended complaint does not state a

9/ 14

claim against Marron upon which relief can be granted, which would support granting Marron's motion to dismiss Ochoa's first amended complaint. The Court must then consider how to address the interplay between the two pending motions.

Generally, when a plaintiff seeks to amend a complaint in response to a motion to dismiss and when that amendment seeks to cure the deficiencies identified in the motion, "the preferred course is to grant leave to amend even if doing so renders moot the motion to dismiss, rather than granting the motion to dismiss and rendering moot the motion for leave." *Roller Bearing Co. of Am., Inc. v. Am. Software, Inc.*, 570 F. Supp. 2d 376, 384 (D. Conn. 2008); *see also Louisiana v. Bank of Am. Corp.*, No. 19-638-SDD-SDJ, 2020 WL 3966875, at *2 (M.D. La. July 13, 2020) (same); *Jefferson Cmty. Health Care Ctrs, Inc. v. Jefferson Par. Gov't*, No. 16-12910, 2016 WL 4429953, at *2 (E.D. La. Aug. 22, 2016) (holding that given the new allegations and claims in the proposed amended complaint, it would be more efficient to deny the pending motions to dismiss as moot and allow the defendants to file renewed motions addressing the amended complaint). Therefore, having determined that Ochoa's motion for leave to file a second amended complaint should be granted, the Court denies Marron's motion to dismiss the claims against him as moot. This denial is without prejudice to Marron moving to dismiss Ochoa's second amended complaint if he believes that grounds for such a motion exist.

**B.     Ochoa's Motion for Extension of Time to Serve Gamez and Brezik**

In addition to seeking leave to file the proposed second amended complaint, Ochoa asks the Court to grant him a second extension of time to serve Gamez and Brezik. This motion is denied.

As the Court explained when it granted Ochoa's first request for additional time to serve the defendants, Rule 4 of the Federal Rules of Civil Procedure requires the plaintiff to serve the defendants within 90 days after the action is filed or face dismissal. FED. R. CIV. P. 4(m). Upon a proper motion, the Court must extend the time for service "if the plaintiff shows good cause for the failure." *See Gartin v. Par Pharm. Cos.*, 289 F. App'x 688, 692 (5th Cir. 2008) (per curiam). A showing of "good cause" under Rule 4(m) requires the plaintiff to show "some reasonable basis for noncompliance within the time specified." *Id.*

Ochoa has not shown good cause for failing to serve Gamez and Brezik. He filed his initial complaint in September 2023 without knowing anything about these defendants other than their last names. He did not file a public records request seeking the Harris County Jail incident report that would identify these defendants until February 2024—five months after he filed the complaint and more than two months after the 90-day time for service had already expired. (Dkt. 28, p. 2). Ochoa received the incident report on May 16, 2024. (*Id.*). Nevertheless, he attempted to serve Brezik only once after that time—on July 2, 2024, a mere two days before the

11/ 14

extension of time granted by the Court expired. (Dkt. 28-2). Ochoa offers no information concerning his attempts to serve Gamez. These facts do not show that there is a reasonable basis for Ochoa's failure to serve these defendants, and therefore he fails to establish the good cause necessary to support a mandatory extension of time under Rule 4(m).

The Court recognizes that it has the discretion "to extend the time for service" if the circumstances warrant, even when good cause is lacking. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996); *see also Newby v. Enron Corp.*, 284 F. App'x 146, 149 (5th Cir. 2008) (per curiam). The Court also recognizes that such an extension is particularly appropriate when the statute of limitations would bar a refiled action. *See, e.g., Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008). In that situation, the denial of an extension of time "is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *Thrasher v. City of Amarillo*, 709 F.3d 509, 512-13 (5th Cir. 2013) (cleaned up). Lesser sanctions may include "[a]ssessments of fines, costs, or damages against the plaintiff, . . . conditional dismissal, dismissal without prejudice, and explicit warnings." *Id.* at 514.

In this case, Ochoa filed his action against the defendants almost a year ago. He did not seek an extension of time to serve Gamez and Brezik until seven months after he filed the complaint and more than four months after the time for service

under Rule 4(m) had expired. Despite the Court granting Ochoa an extension of time to serve Gamez and Brezik, he has still failed to do so. And despite the Court's explicit warning that further delays could result in dismissal, Ochoa does not allege facts showing that he has made diligent attempts—or as to Gamez, any attempts—to serve these defendants, either before or during the extended time. Given Ochoa's status as an imprisoned felon and his blatant disregard of the Court's earlier warnings, lesser sanctions such as the assessment of fines, costs, or damages would be fruitless.

Ochoa's unexplained and unwarranted delay in effecting service of process on Gamez and Brezik does not support granting a further extension of time to effect service on them.[3] The Court therefore denies Ochoa's motion for a second extension of time to serve the remaining defendants.

### III. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. Ochoa's Motion for Leave to File a Second Amended Complaint, (Dkt. 28), is **GRANTED**.

---

[3] The Court also notes that Ochoa's claim for bystander liability against Brezik suffers from the same factual infirmities that supported the dismissal of his bystander liability claim against Johnson. To the extent that Ochoa seeks additional time to serve Brezik, granting additional time for service of process would be futile as the sole claim against Brezik in the second amended complaint fails to state a claim upon which relief could be granted.

13/ 14

2. Ochoa's proposed Second Amended Complaint, (Dkt. 28-3), is accepted as filed as of the date of this Order.

3. Ochoa's Motion for a Second Extension of Time to Serve Defendants Gamez and Brezik, (Dkt. 28), is **DENIED**. The claims against Defendants Gamez and Brezik are **DISMISSED without prejudice** under Federal Rule of Civil Procedure 4(m).

4. Marron's Motion to Dismiss the first amended complaint, (Dkt. 25), is **DENIED as moot**.

5. Marron shall respond to Ochoa's Second Amended Complaint **within thirty (30) days** of this Order.

The Clerk will provide a copy of this Order to the parties.

SIGNED at Houston, Texas on _____Sept 10_____, 2024.

_____
DAVID HITTNER
UNITED STATES DISTRICT JUDGE